UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NUMBER:  16-165 |
| v. | * | SECTION:  "S" |
| TYLER DAVIS | * | VIOLATIONS: 18 U.S.C. § 2252(a)(4)(B) |
| | | 18 U.S.C. § 2252(b)(2) |
| | * | 18 U.S.C. § 2253 |

\* \* \*

## FACTUAL BASIS

Should this matter proceed to trial, both the government and the defendant, **TYLER DAVIS ("DAVIS")**, do hereby stipulate and agree that the following facts set forth a sufficient factual basis for the crime to which the defendant is pleading guilty and that the government would prove the following beyond a reasonable doubt at trial:

The government would establish that the case against **DAVIS** developed as a result of a lead from the York Regional Police Special Victims Unit in Ottawa, Canada ("SVU Ottawa"). SVU Ottawa determined that on October 22, 2014, a Chatzy user named "m" uploaded Drop Box Uniform Resource Locators ("URLs") that contained videos depicting the sexual exploitation of children to Chatzy.com from IP address 66.190.204.248. SVU Ottawa and Homeland Security Investigations ("HSI") Ottawa tracked the IP address back to a residence in Chauvin, Louisiana.

Page 1 of 4

AUSA _____
Defendant _____
Defense Counsel _____

On July 9, 2015, local HSI agents obtained a federal search warrant for the residence in Chauvin, LA. On July 13, 2015, HSI agents advised the owner of the residence that the agents needed to execute a federal search warrant at his property. Agents learned from the owner that his nephew, **TYLER DAVIS**, previously lived at the residence and had hooked up the Internet for the owner. The agents determined **DAVIS** was currently living at his mother's house in Montegut, LA.

Law enforcement officers went to **DAVIS'** mother's home and located **DAVIS**. **DAVIS**, accompanied by his mother, followed law enforcement officers to the Chauvin, LA residence where he was advised of his *Miranda* rights by HSI agents. During an interview, **DAVIS** told HSI agents that he currently possessed child pornography videos on his cellular telephone. **DAVIS** then removed a Samsung Galaxy phone from his pocket and, according to HSI agents, attempted to delete a photo album from his Galaxy phone. An HSI agent retrieved **DAVIS'** phone before he could erase or delete the evidence. **DAVIS** then told HSI agents he had a Dell Inspiron laptop computer containing child pornography at his mother's residence.

Written consent to search the residence of **DAVIS'** mother was obtained. A Louisiana State Trooper located and recovered **DAVIS'** laptop from underneath his bed at his mother's home. HSI agents later obtained a second federal search warrant on July 23, 2015, to authorize the search of the defendant's Samsung cell phone and the Dell laptop computer.

HSI computer forensic examiners in New Orleans had technical difficulties during the imaging process of the defendant's laptop computer so they sent the laptop to HSI's Cyber Crimes Center ("C3") in Virginia for processing. Computer forensics agents with C3 were able to obtain a partial image of the defendant's hard drive and located approximately two (2) images

AUSA
Defendant
Defense Counsel

and 23 videos depicting the sexual victimization of children. Agents also located 12 images and one 26-minute-long video on the defendant's cell phone.

The images and videos from both the laptop and cell phone depict the sexual exploitation of pre-pubescent children including images of an adult male having sexual intercourse with a pre-pubescent toddler girl. The 26-minute-long video from the cell phone depicts a pre-pubescent girl performing oral sex on an adult male and engaging in sexual intercourse with the same adult male.

Testimony would establish that the images and videos possessed by **DAVIS** were of pre-pubescent and pubescent children less than 18 years of age; to wit: less than twelve (12) years old and that the images of the child victims were "sexually explicit" as defined in Title 18, United States Code, Section 2256. The government would establish that some of the images and videos **DAVIS** possessed depicted prepubescent minor children engaged in sex acts with adults including minors being anally penetrated by adult males. All of the images and videos depicting the sexual victimization of minors possessed by **DAVIS** would be introduced through the testimony of HSI agents.

Further, the government would present evidence that would establish that the images and videos of child pornography had been transported in interstate and foreign commerce via computer.

AUSA ___
Defendant ___
Defense Counsel ___

Various records and testimonial evidence, including testimony from representatives of Homeland Security Investigations, Louisiana State Police, and other witnesses would also be admitted to prove the facts set forth above.

_____  
BRIAN M. KLEBBA  
Assistant United States Attorney  
New York Reg. No. 2938728

4/20/17  
Date

_____  
TYLER DAVIS  
Defendant

4/20/17  
Date

_____  
JERROD THOMPSON-HICKS  
Counsel for Defendant

4/20/2017  
Date